## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FARREL ISOM**                                          **CIVIL ACTION**

**VERSUS**                                                **NO. 14-2620**

**SOCIAL SECURITY ADMINISTRATION**           **SECTION "A"(3)**
                                                          *Flag Section "C"*

### ORDER AND REASONS

The Court, after considering the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, the written objections to the Magistrate Judge's Report and Recommendation, and the Commissioner of the Social Security Administration's ("Commissioner") response to the written objections, hereby concludes that the decision by the Commissioner should be reversed and the matter remanded for an award of benefits to the petitioner.

## I.     BACKGROUND

Petitioner Farrel Isom, seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA") due to the amputation of his left arm. As ordered by the Court, Petitioner filed a motion for summary judgment (Rec. Doc. 21), and the Commissioner filed a timely cross-motion for summary judgment. (Rec. Doc. 22). The magistrate judge issued a Report and Recommendation after reviewing the cross motions. (Rec. Doc. 27). Petitioner timely filed objections to the magistrate judge's Report and Recommendation. (Rec. Doc. 28). The Commissioner filed a response to Petitioner's objections, urging the Court to adopt the magistrate judge's Report and Recommendation. (Rec. Doc. 29).

The magistrate judge found no error in the Commissioner's final decision to deny DIB and SSI and therefore recommended that Petitioner's motion for summary judgment be denied, the Commissioner's cross-motion be granted and dismissal with prejudice of Petitioner's case. (Rec. Doc. 27). The magistrate judge's Report and Recommendation is subject to de novo review by this Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## II.    DISCUSSION

In the instant application Petitioner seeks review of the Commissioner's decision to deny DIB and SSI benefits. Petitioner suffers from a left-arm amputation and asthma. The Commissioner initially denied Petitioner's application for benefits on December 20, 2012. Petitioner sought an administrative hearing which was held on April 22, 2013 in which the Petitioner and a vocational expert testified. The administrative law judge ("ALJ") found that Petitioner has the severe impairment of traumatic amputation of the left arm, but that Petitioner had not been disabled through the date of the decision and does not have an impairment that meets or medically equals a listed impairment under the regulations. Specifically, the ALJ found that once Petitioner received his prosthetic arm, less than one year after the amputation, he was no longer disabled. While the ALJ did find that Petitioner could not perform his past relevant work, the ALJ found that Petitioner retains the residual functional capacity to perform light work activity, which would include modified jobs that do not require both upper extremities and involve only single repetitive tasks. Petitioner asked for a review by the Appeals Council, which denied Petitioner's request on September 22, 2014. Petitioner subsequently timely filed this civil action.

Judicial review of the Commissioner's decision is limited under 42 U.S.C § 405(g) to two inquiries: (1) whether the Commissioner applied the proper legal standards, and (2) whether the decision is supported by substantial evidence of the record as a whole. *Brown v. Apfel*, 192 F.3d

2

492, 496 (5th Cir. 1999); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla, but less than a preponderance and is relevant such that a reasonable person would accept it as adequate to support a conclusion. *Richardson v. Perales*, 402 389, 401 (1971); *Spellamn v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

The Court is not persuaded that the ALJ properly applied the pain evaluation standard as set forth in 20 CFR 404.1529, 416.929 and SSR 96-7p, 1996 SSR LEXIS 4 when determining that Petitioner's statements concerning the intensity, persistence and limiting effects of the phantom pain were not credible. Under 20 CFR 404.1529, once medical records have established that the claimant has a medical impairment that could reasonably be expected to produce the pain alleged, the ALJ is instructed to consider all available evidence, including medical history, medical signs and laboratory findings, and claimant's own statements about the effects of the pain. Additionally, relevant factors for evaluating the severity of the pain include:

(1) claimant's daily activities;

(2) the location, duration, frequency and intensity of the pain;

(3) precipitating and aggravating factors;

(4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the pain;

(5) treatment, other than medication received for relief of the pain;

(6) any measures used to relieve pain; and

(7) other factors concerning claimant's functional limitations and restrictions due to pain.

20 CFR 404.1529(c)(3). However, under SSR 96-7p, 1996 SSR LEXIS 4, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure

to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."

While testimony indicated that Petitioner suffered about three bouts of phantom pain a week, which lasted anywhere from thirty to sixty minutes, the ALJ did not find the petitioner's statements regarding the intensity, persistence and limiting effects of the phantom pain "entirely credible." Specifically, the ALJ found that because Petitioner has not sought out "regular medical treatment" it is not reasonable to believe the pain is as severe and disabling as alleged. Further, the ALJ found that since Petitioner had been prescribed medication for the pain, and there were "no adverse side effects" from the medication, his testimony regarding the limiting effects of the pain was not credible. However, Petitioner's testimony indicates that he takes the prescribed pain medication when the pain appears, and massages the amputation site, which usually relieves the pain for the time being. The ALJ's finding also seemingly ignores Petitioner's testimony that the pain medication makes him drowsy, and occasionally he falls asleep after taking the medication. Petitioner's medical records indicate on August 14, 2012 that he was "independent in pain management," indicating that he was handling the episodes of phantom pain with his doctor's currently prescribed regime. There is no indication in the record that anything further could be done for Petitioner's phantom pain. The vocational expert's testimony verified that the frequency and duration of these phantom pains, as described by the Petitioner, would make even light work activity difficult, if not impossible.

The Court is also not persuaded that the ALJ properly applied the duration requirement set out in 20 CFR Part 404, Subpart P, Appendix 1, and 20 CFR 404.1509 when determining that petitioner has not been impaired for a continuous period of at least twelve months. The ALJ found

4

that restoration of major functioning of Petitioner's left arm was restored on December 21, 2012, when he received a prosthetic device from Bayou Orthotic and Prosthetic. The ALJ found that this indicated Petitioner had not been disabled for over twelve months. However, Petitioner did not receive his prosthetic device in December, 2012. Although he had some initial fittings and consultations with Bayou Orthotic and Prosthetic, the records in evidence do not indicate there were any appointments or fittings after September 17, 2012, no approval of any device and no delivery of a prosthetic device to Petitioner from Bayou Orthotic and Prosthetic. Petitioner had decided to go with a different type of device from Hanger Prosthetics and Orthotics. Petitioner did not receive that prosthetic until July 31, 2013, over one year from the injury.

The Court holds that substantial evidence of the record does not support the Commissioner's decision, and that the decision does not comport with relevant legal standards. A finding of disability is appropriate and the ALJ's decisions to the contrary must be reversed.


Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Summary Judgment (Rec. Doc. 21) is **GRANTED** and Defendant's Motion for Summary Judgment (Rec. Doc. 22) is **DENIED.** The Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner for an award of benefits.

New Orleans, Louisiana, this 20th day of June, 2016.


**JAY C. ZAINEY**
**UNITED STATES DISTRICT JUDGE**